867 F.2d 610
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Gene WALTERS, Defendant-Appellant.
 No. 88-5037.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Jan. 17, 1989.
 
 Gregory Edward Stambaugh (Brown, Hopkins & Stambaugh, on brief), for appellant.
 Bradford Russell Clark, Special Assistant United States Attorney (Henry E. Hudson, United States Attorney, Lawrence J. Leiser, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The Government has mounted an Operation Looking Glass in its attempts to deter child pornography. One of those caught up in the sting operation and convicted under 18 U.S.C. Sec. 2252[1] was Bobby Gene Walters.
 
 
 2
 Walters' name had appeared on the mailing lists of two child pornography distributors. Through undercover correspondence (a survey form from "Candy's Love Club"), he acknowledged a strong interest in material depicting hetereosexual and homosexual sex among teenagers from thirteen to sixteen years of age. Walters disclosed that, as a collector of such material, he usually spent $50.00 monthly to purchase hard core sexual material, usually by mail.
 
 
 3
 Walters was thereafter sent a test letter. He requested further information and on receiving a catalogue of child pornography materials responded by ordering a magazine, Torrid Tots, and a video tape entitled Pre-Teen Trio.
 
 
 4
 The package containing Pre-Teen Trio was delivered to Walters' home by the postal service on June 11, 1987. Postal inspectors had previously obtained an anticipatory search warrant on June 9, 1987. Walters' mailbox was staked out by postal inspectors, who observed a female, later identified as Walters' daughter, retrieve the mail, including the package containing Pre-Teen Trio, and enter Walters' house. Walters' daughter and son-in-law lived in a basement apartment in Walters' home. Upon their execution of the warrant, the postal inspectors found the tape, along with other mail addressed to Walters, in a brown bag in the daughter's apartment. Various pornographic materials were found in other areas of the house.[2] At the time of execution of the warrant, Walters was not at home.
 
 
 5
 The propriety of operation under an anticipatory search warrant and of the government's allegedly outrageous conduct, violative of due process, are contentions here made which have been foreclosed by our decision in United States v. Goodwin, 854 F.2d 33 (4th Cir.1988).
 
 
 6
 The other contention made by Walters involves a claim that he was not at home when the package containing Pre-Teen Trio arrived. Walters' daughter recovered the package from the mailbox and placed it unopened in the basement of the house awaiting his return. The case of United States v. Zandi, 769 F.2d 229, 234 (4th Cir.1985) disposes of the contention in a manner adverse to Walters. It holds that "[c]onstructive possession exists when the defendant exercises, or has the power to exercise, dominion and control over the item." Walters had dominion and control over the mailbox. He knowingly ordered delivery of materials to that mailbox, fully aware of their contents, and he may not be heard to disavow knowledge and control when his orders, reasonable for him to have given to his daughter, were carried out.
 
 The judgment is
 
 7
 AFFIRMED.
 
 
 
 [1]
 The statute precludes and makes criminal transportation in interstate or foreign commerce or mails of any obscene visual or print medium where the medium involves the use of a minor engaging in sexually explicit conduct and depicts such conduct
 
 
 [2]
 Walters' son-in-law consented to the search of the basement apartment